**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 26-50038-jwc |
| | * | |
| MICHAEL ANTHONY DAVIS II, | * | CHAPTER 13 |
| | * | |
|     Debtor. | * | JUDGE JEFFERY W. CAVENDER |
| | * | |
| VLADIMIR LERNER, | * | |
| | * | |
|     Movant, | * | |
| | * | |
| vs. | * | CONTESTED MATTER |
| | * | |
| MICHAEL ANTHONY DAVIS II, | * | |
| NANCY J. WHALEY, Chapter 13 Trustee, | * | |
| | * | |
|     Respondents. | * | |
| | * | |

**NOTICE OF HEARING**
**ON OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND**
**ON MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE OR,**
**IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY**

    **PLEASE TAKE NOTICE** that Vladimir Lerner ("Movant") has filed an *Objection To Confirmation Of Chapter 13 Plan And Motion To Dismiss Chapter 13 Case With Prejudice Or, In The Alternative, For Relief From Auomatic Stay* (the "**Motion**") and related papers with the Court objecting to confirmation of Debtor's Chapter 13 Plan, seeking an Order dismissing Debtor's Chapter 13 case with prejudice as to refiling within one hundred eighty (180) under any Chapter in Title 11, United States Code, or, in the alternative, granting Relief from the Automatic Stay.

    **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the **Motion** at **9:30 a.m.**, on **March 10, 2026**, in **Courtroom 1203**, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia, 30303.

    Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy

case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney **must** attend the hearing. You **may** also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you **must** attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is **received** by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive SW, Atlanta, Georgia, 30303. You **must** also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the **Motion** cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the **Motion** and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated:  February 16, 2026                     /s/
                                                                Robert D. Schwartz
                                                                Georgia Bar No. 631159
                                                                BobSchwartzLaw@aol.com
                                                                Attorney for Movant
                                                                P. O. Box 160100
                                                                Atlanta, Georgia  30316-1002
                                                                (404) 402-1476

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 26-50038-jwc |
| | * | |
| MICHAEL ANTHONY DAVIS II, | * | CHAPTER 13 |
| | * | |
| Debtor. | * | JUDGE JEFFERY W. CAVENDER |
| | * | |
| VLADIMIR LERNER, | * | |
| | * | |
| Movant, | * | |
| | * | |
| vs. | * | CONTESTED MATTER |
| | * | |
| MICHAEL ANTHONY DAVIS II, | * | |
| NANCY J. WHALEY, Chapter 13 Trustee, | * | |
| | * | |
| Respondents. | * | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY

COMES NOW the Movant, Vladimir Lerner ("**Movant**"), by counsel, and respectfully shows to the Court as follows:

1.

Debtor filed a Petition constituting an Order for Relief under 11 U.S.C. Chapter 13 herein on January 2, 2026. Debtor is subject to the jurisdiction of this Court.

2.

Respondent Chapter 13 Trustee ("**Trustee**") is the standing trustee serving in this case pursuant to 11 U.S.C. §1302. Trustee is subject to the jurisdiction of this Court.

3.

Movant is a creditor and party in interest in Debtor's Chapter 13 case.

4.

This is Debtor's third Chapter 13 case filed during the preceding twelve (12) months. Debtor was a debtor in Case No. 25-53460-jwc, filed March 31, 2025, and dismissed on June 18, 2025, and Case No. 25-58818-jwc, filed August 8, 2025, and dismissed on November 20, 2025.

5.

Movant is a creditor of Debtor pursuant to the terms of a Promissory Note (the "**Note**") for a line of credit in the amount of One Hundred Thousand Dollars ($100,000.00), and has a second priority security interest in certain residential real property comprising a house and lot located at 408 Edmond Court, Suwanee, Georgia, 30024, pursuant to a Deed To Secure Debt (the "**DSD**") filed of record in Gwinnett County, Georgia. The debt owed by Debtor to Movant was, on the date Debtor's current Chapter 13 case was filed, in the amount of Forty Two Thousand Eight Hundred Dollars ($42,800.00). The Property is Debtor's principal residence. Attached hereto and incorporated herein as Exhibit "A" and Exhibit "B," respectively, are copies of the Note and the DSD.

6.

New American Funding, LLC ("**New American**"), is the holder of a first priority security interest in the Property, the same securing a Debt in the approximate amount of $464,679.10. New American filed a proof of claim in Debtor's Case No. 25-8818-jwc seeking repayment of a pre-petition mortgage arrearage in the amount of $25,721.04. New American has not filed a proof of claim in the present case and Movant is not aware of the amount of the pre-petition mortgage arrearage, if any, owed to New American.

7.

Because this is Debtor's third case pending within the twelve (12) months prior to the date of Debtor's Petition in the present case, and in order to stay a scheduled foreclosure of the Property by Movant, Debtor filed on January 2, 2026, an "Emergency Motion To Impose Stay As To New American Funding, LLC, And Vladimir Lerner" (the "**Stay Motion**") (Doc. 6) and a "Motion For Emergency Hearing On Debtor's Emergency Motion To Impose Stay As To New

2

American Funding, LLC, And Vladimir Lerner" (the "**Hearing Motion**") (Doc. 7). On January 2, 2026, the Court entered an Order (the "**Hearing Order**") (Doc. 8) granting the Hearing Motion and scheduling a hearing for January 6, 2026, on the Stay Motion. On January 3, 2026, Counsel for Debtor served the Stay Motion, the Hearing Motion, and the Hearing Order on Movant and on undersigned counsel, who had represented Movant in Debtor's Case No. 25-58818-jwc.

8.

On January 6, 2026, the Court conducted a hearing on the Stay Motion. Present at the hearing were Movant, undersigned counsel, Debtor's attorney, and the attorney for the Trustee. Debtor did not attend the hearing.

9.

Movant's intent on January 6, 2026, was to oppose the imposition of a stay. Movant was concerned that if a stay were imposed, Debtor's continued failure to make regular mortgage payments to New American would further deplete the equity cushion securing Movant's claim. By the time the present case was filed, Movant had already paid attorney's fees and costs for three attempted foreclosures and New American's arrearage claim had grown well beyond the $25,721.04 owed when Movant filed his second case.

10.

On January 6, 2026, prior to the commencement of the hearing on the Stay Motion, Debtor's attorney represented to undersigned counsel, in the presence of Movant, that his client told him he had entered into a loan modification agreement with New American that would cure any pre-petition arrearage owed to New American and that Debtor's Chapter 13 Plan in the present case would be sufficient to repay Movant's claim in full within sixty (60) months or less.

11.

Movant, in reliance on the representation of Debtor's attorney that Debtor had entered into a loan modification that would cure any pre-petition arrearage to New American, consented to the Stay Motion, asking only for written confirmation of the loan modification. Despite numerous

requests made since January 6, 2026, Movant has been given no written confirmation of a loan modification. New American has not, to date, filed a proof of claim in the present case.

12.

On January 28, 2026, the Trustee filed an "Objection To Confirmation" (Doc. 15), in which she states, on information and belief, that Debtor was in a trial modification but that the trial modification was denied because Debtor failed to maintain timely trial modification payments, and further that according to preliminary figures, the pre-petition arrearage to New American is now in the amount of $34,443.06, that being $8,722.02 higher than it was when Debtor filed Case No. 58818-jwc. Movant, having had his fears confirmed, now joins in the Trustee's objection to confirmation.

13.

Upon review of the docket in the present case, it appears that (a) although the Court stated on the record that it would impose a stay, it has not entered an Order imposing a stay, and (b) that Debtor has not withdrawn the Stay Motion. Accordingly, it is unclear whether or not there is a stay in effect at the present time as against either Movant or New American.

14.

Under the circumstances recited above, undersigned counsel having announced Movant's consent to the Stay Motion, undersigned counsel believes it would be improper to instruct his client that he may attempt to foreclose on the Property without further order of the Court.

15.

Good cause exists for the Court to dismiss Debtor's present Chapter 13 case pursuant to 11 U.S.C. §109(g), with prejudice as to Debtor's eligibility for one hundred eighty (180) days to be a debtor under any Chapter in Title 11, United States Code.

16.

Good cause exists, in consideration of Movant's lack of adequate protection, for the Court to enter an Order denying the Stay Motion or, in the alternative, to enter an Order granting

4

Movant relief from the automatic stay of 11 U.S.C. §362 in order to permit Movant to foreclose his security interest in the Property as provided under applicable nonbankruptcy law.

WHEREFORE, Movant prays that his Objection to Confirmation and Motion be filed, read, and considered, and that the Court grant relief as follows:

(a) That the Court deny confirmation of Debtor's Chapter 13 Plan;

(b) That the Court dismiss Debtor's present Chapter 13 case pursuant to 11 U.S.C. §109(g), with prejudice as to Debtor's eligibility for one hundred eighty (180) days to be a debtor under any Chapter in Title 11, United States Code;

(c) That the Court enter an Order denying the Stay Motion or, in the alternative, enter an Order granting Movant relief from the automatic stay of 11 U.S.C. §362 in order to permit Movant to foreclose his security interest in the Property as provided under applicable nonbankruptcy law; and

(d) That the Court grant such other and further relief as it may deem just and proper.

Respectfully submitted,

/s/ _____
Robert D. Schwartz
Attorney for Movant
Georgia Bar No. 631159
BobSchwartzLaw@aol.com
P. O. Box 160100
Atlanta, GA  30316-1002
(404) 402-1476

# CERTIFICATE OF SERVICE

I certify that I have on this date electronically filed the within and foregoing **Objection To Confirmation**, **Motion To Dismiss Chapter 13 Case With Prejudice Or, In The Alternative, To Lift The Automatic Stay**, and **Notice of Hearing** and have served the same via the Court's ECF system as follows:

| | |
|---|---|
| Nancy J. Whaley, Esquiire: | **ecf@njwtrustee.com** |
| Stanley J. Kakol, Jr, Esquire | **documents@sjklawfirm.com** <br> **KakolSR88373@notify.bestcase.com** <br> **sjkcourtnotices@gmail.com** |
| Michael J. McCormick, Esquire | **michael.mccormick@mccalla.com** <br> **MichaelMcKormick@mccalla.com** <br> **mccallaecf@ecf.courtdrive.com** |
| Maria A. Tsagaris, Esquire | **maria.tsagaris@mccalla.com** <br> **BankruptcyECFMail@mccallaraymer.com** <br> **mt3@mccallaraymer.com** <br> **mccallaecf@ecf.courtdrive.com** |

I further certify that I have this date served the following parties with a copy of the within and foregoing **Objection To Confirmation**, **Motion To Dismiss Chapter 13 Case With Prejudice Or, In The Alternative, To Lift The Automatic Stay**, and **Notice of Hearing** by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery, addressed as follows:

Michael Anthony Davis II
408 Edmond Court
Suwanee, GA  30024

This the   16th   day of   February  , 2026.

/s/
Robert D. Schwartz
P. O. Box 160100
Atlanta, GA  30316-1002
(404) 402-1476