**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MICHAEL ANTHONY DAVIS, II | : | CASE NO.A26-50038-JWC |
| | : | |
| DEBTOR | : | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE FOR CAUSE AND ENJOINING THE DEBTOR FROM FILING A BANKRUPTCY CASE FOR A PERIOD OF AT LEAST 180 DAYS**

COMES NOW, Nancy J. Whaley, Chapter 13 Trustee herein, and files herewith her Objection to Confirmation and Motion to Dismiss Case for Cause. The Trustee respectfully shows the Court the following:

1.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com.

2.

As unsecured creditors will receive less than in a Chapter 7 liquidation, the plan does not comply with U.S.C. Section 1325(a)(4).

3.

The plan as proposed will extend to eighty-nine (89) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

4.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 plan because Internal Revenue Service records indicate tax returns have not been filed for the period(s) ending December 31, 2025. The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

5.

The Trustee requests a copy of the Debtor's 2025 tax return, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Trustee requests proof of the Debtor's income, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

7.

The Trustee requests proof of the Debtor's truck lease expense of $900.00 per month; and insurance of $750.00 per month, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

8.

The Trustee requests an itemization of the $17,174.00 refund for tax year 2024, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Trustee requests the status of the pending civil suit and a full list and status of all legal proceedings in both state and federal court; all child support obligations, court-ordered amounts and status of each case; and the timeline as to when the dependents moved to live with the Debtor full-time, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

10.

The funding of post-petition mortgage installments of $3160.00 per month have not been maintained in the above-styled Chapter 13 case, thereby rendering the proposed plan infeasible in violation of 11 U.S.C. Section 1325(a)(6).

11.

The Chapter 13 Trustee requests proof of the post-petition homeowner's association payments of $34.00 or monthly savings for the payment in order to determine feasibility of

proposed plan pursuant to 11 U.S.C. 1325(a)(6).

12.

It appears that MVP Family Attorneys represent the Debtor in a pending or anticipated divorce proceeding. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

13.

It appears that Michael Brown represents the Debtor in a pending or anticipated civil case. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

14.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $7500.00 per month, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

15.

The Debtor's plan fails to provide the appropriate interest rate for Vladimir Lerner for a second mortgage as required pursuant to 11 U.S.C. Section 506, 11 U.S.C. Section 511(a), and/or 11 U.S.C. Section 1325(a)(5)(B)(ii).

16.

The Chapter 13 plan fails to provide for the assumption or rejection of the executory contract with Key & Rogers Trucking, in violation of 11 U.S.C. Section 365(b)(1)(C).

17.

The plan fails to treat the arrears of New American Funding and the priority debt with the Internal Revenue Service, in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

18.

The Chapter 13 petition and schedules fail to disclose a Dodge Ram, Tesla and Gooseneck Trailer, in violation of 11 U.S.C. Section 521.

19.

The Trustee requests the support or basis of why only $38,066.00 of the Debtor's wages from the 2024 tax return were "taxable income" even though he earned $95,920.00; and an

explanation of "Other adjustments" in the amount of $19,994.00 on the Debtor's 2024 tax return, in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

20.

The Debtor has filed two (2) prior Chapter 13 bankruptcy cases, which were dismissed by the Court since 2025. Said cases are as follows:

a.) Chapter 13 case number 25-53460 was filed on March 31, 2025. The case was dismissed prior to Confirmation on June 18, 2025, for failure to fund the plan.

b.) Chapter 13 case number 25-58818 was filed on August 4, 2025. The case was dismissed prior to Confirmation on November 20, 2025, on Trustee's Supplemental Report for failure to provide proof of mortgage payments, tax returns for years 2021 through 2023, file amended Schedule A/B or provide an itemization of the $17,000.00 tax refund.

The Debtor's conduct in this and prior cases demonstrates that the Debtor has filed this case without any intention of properly prosecuting this case.

WHEREFORE, the Trustee moves the Court to inquire into the above objections and to make finding that dismissal for cause under 11 U.S.C. Section 1307(c) and Section 349(a) is appropriate, and as a result the Debtor is enjoined from filing any Chapter of bankruptcy for a period of not less than 180 days; or that dismissal with prejudice for a period of 180 days pursuant to 11 U.S.C. 109(g) is appropriate.

DATED: February 24, 2026

Respectfully submitted:

_/s/_____
Thomas M. Nicely,
Attorney for Standing Chapter 13 Trustee
GA Bar Number 998306
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201
tnicely@njwtrustee.com

/mp

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| **MICHAEL ANTHONY DAVIS, II** ) | |
| DEBTOR(S) ) | CASE NO. A26-50038-JWC |
| ) | |
| **NANCY J. WHALEY, TRUSTEE** ) | |
| MOVANT ) | |
| vs. ) | |
| ) | |
| **MICHAEL ANTHONY DAVIS, II** ) | |
| RESPONDENT ) | |

**NOTICE OF HEARING ON CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE**
**FOR CAUSE AND ENJOINING THE DEBTOR FROM FILING A CHAPTER 13**
**BANKRUPTCY CASE FOR A PERIOD OF AT LEAST 180 DAYS**

**PLEASE TAKE NOTICE** that *Nancy J. Whaley* has filed an *Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor From Filing a Chapter 13 Bankruptcy for a Period of At Least 180 Days* and related papers with the Court seeking the Court to inquire into the above objections and to make finding that dismissal for cause under 11 U.S.C. Section 1307(c) and Section 349(a) is appropriate, and as a result the Debtor is enjoined from filing any Chapter of bankruptcy for a period of not less than 180 days; or that dismissal with prejudice for a period of 180 days pursuant to 11 U.S.C. 109(g) is appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the *Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor From Filing a Chapter 13 Bankruptcy for a Period of At Least 180 Days* at *9:30 A. M. on March 10, 2026 in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303*, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the

pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it received by the Clerk before the hearing. The address of the Clerk's Office is: **Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta Georgia 30303.** You must also mail a copy of your response to the undersigned at the address stated below.

THIS THE 24th day of February, 2026.

Respectfully submitted,

_/s/_____
Thomas M. Nicely,
Attorney for Standing Chapter 13 Trustee
GA Bar Number 998306
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201
tnicely@njwtrustee.com

**CERTIFICATE OF SERVICE**

Case No: A26-50038-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor from Filing a Chapter 13 Bankruptcy Case for a Period of At Least 180 Days and Notice of Hearing to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

MICHAEL ANTHONY DAVIS, II
408 EDMOND COURT
SUWANEE, GA  30024

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation and Motion to Dismiss Case for Cause and Enjoining the Debtor from Filing a Chapter 13 Bankruptcy Case for a Period of At Least 180 Days and Notice of Hearing using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE LAW OFFICE OF STANLEY J. KAKOL, JR.

This the 24th day of February, 2026.

/s/_____
Thomas M. Nicely
Attorney for the Chapter 13 Trustee
State Bar No. 998306
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201