**Fill in this information to identify your case:**

Debtor 1   Michael _____ Anthony _____ Davis II _____
            First Name              Middle Name              Last Name

Debtor 2   _____
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the Northern District of Georgia

Case number   26-50038 _____
(if known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

3.1, 4.4 _____

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

| **Part 1:** | **Notices** |
| --- | --- |

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
| --- | --- | --- | --- |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ■ Not Incuded |

Document Ref: D4B7B-RH5U3-ICHUW-NSPNR                                                                 Page 1 of 7

Debtor  Michael Anthony Davis II                                    Case number  26-50038

| **Part 2:** | **Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims** |

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ■ 36 months            ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____$1,275.00____ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

■ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount):* | **For the following reason** *(insert reason for change):* |
|---|---|---|
| August 2026 | $2,350.00  per ___month___ | Trial period with New American Funding LLC ends in June 2026. Step payment is necessary if loan modification is denied. |

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

■ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3    Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

■ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years 2025, 2026, and 2027_____ , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4    Additional Payments.**

*Check one.*

☐ **None.**  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

■ Debtor(s) will make additional payment(s) ("Additional Payments") to the trustee from other sources as specified below.  *Describe the source, estimated amount, and date of each anticipated payment.*

Subject to the Court's approval of special counsel and any future settlement, net proceeds from the Debtor's pending/anticipated lawsuit, minus any funds that Debtor is entitled to exempt, will be paid to the Trustee for distribution to unsecured claims as required by 11 U.S.C §§ 522(c), 541, 1306(a)(3), 1325(a)(4), and 1325(b), unless otherwise ordered by this Court. If the pending/anticipated lawsuit remains unresolved at the conclusion of all payments otherwise required under the confirmed plan, the Trustee shall provide notice to Debtor's Counsel and may withhold her Notice of Plan Completion until resolved or the Court orders otherwise.

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020.  (www.ganb.uscourts.gov/local-rules-and-orders)**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4

Document Ref: D4B7B-RH5U3-ICHUW-NSPNR                                                    Page 2 of 7

Debtor  Michael Anthony Davis II                                          Case number  26-50038

| Part 3: | Treatment of Secured Claims |
|---|---|

**§ 3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐  **None.**  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑  Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).  Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| New American Funding (1st Mortgage) | 408 Edmond Ct. Suwanee, GA 30024 Gwinnett County | $45,409.20 | 0 % | $200 starting August 2026 |
| Taylor Woods Home Owners Association | 408 Edmond Ct. Suwanee, GA 30024 Gwinnett County | $800.00 | 0 % | $50.00 |

**§ 3.2   Request for valuation of security and modification of certain undersecured claims.**

☑  **None.**  If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**§ 3.3   Secured claims to be paid in full.**

*Check one.*

☐  **None.**  *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑  The claims listed below will be paid in full under the plan.  Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3)  the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| | Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|---|
| **+** **–** | Vladimir Lerner (2nd Mortgage) | 408 Edmond Ct. Suwanee, GA 30024 Gwinnett County | 1/11/2023 | $42,800.00 | 8% | $600.00 | $600 increasing to $1123 in October 2026 |

**§ 3.4   Lien avoidance.**

*Check one.*

Document Ref: D4B7B-RH5U3-ICHUW-NSPNR                                          Page 3 of 7

| Debtor | Michael Anthony Davis II | Case number | 26-50038 |

■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5   Surrender of collateral.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6   Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of ___9.5___%.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| **Part 4:** | **Treatment of Fees and Priority Claims** |

**§ 4.1   General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2   Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3   Attorney's fees.**

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,000.00___.  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___523.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)   If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___500.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4   Priority claims other than attorney's fees.**

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

■ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                                                   Page 4 of 7

Debtor  Michael Anthony Davis II                                    Case number  26-50038

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| - | Brittany Davis 1052 Haley Woods Court Lawrenceville GA 30043 | Department of Human Services Division of Child Support Services 95 Constitution Blvd SW Suite 200 Lawrenceville GA 30046-0000 | $0.00 | $0.00 Debtor authorizes and agrees that any post petition domestic support obligation payments may be paid through a state or superior court income deduction order. Further, DCSS may utilize review and modification procedures of the domestic support obligation when allowed under state law, as detailed in 11 U.S.C. § 362(b)(2). |
| - | Sheterria Bacon 2087 Kings Mountain Drive NE Conyers GA 30012 | Rockdale County Child Support 997 Commerce Drive SW Suite 2A Conyers GA 30094-0000 | $0.00 | $0.00 Debtor authorizes and agrees that any post petition domestic support obligation payments may be paid through a state or superior court income deduction order. Further, DCSS may utilize review and modification procedures of the domestic support obligation when allowed under state law, as detailed in 11 U.S.C. § 362(b)(2). |

☑ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | Internal Revenue Service | $0.00 |
| - | Georgia Department of Revenue | $0.00 |

## Part 5:  Treatment of Nonpriority Unsecured Claims

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐  A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑  A pro rata portion of the larger of (1) the sum of $  10,721.00   and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

Document Ref: D4B7B-RH5U3-ICHUW-NSPNR                                                            Page 5 of 7

Debtor  Michael Anthony Davis II                                    Case number  26-50038

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3    Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.**  Current installment payments will be disbursed directly by the debtor(s).  Arrearage payments will be disbursed by the trustee.  The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| + | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| **-** | Key & Rogers Trucking | Dodge Ram 3500 Truck Rental + 40 Ft Tariler | $0.00 | $0.00 |

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1    Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1    Check "None" or list Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)***

Debtor's has a pending agreement with New American Funding to resolve the arrears through a Loan Modification. The debtor has been approved for a trial period with monthly payments in the amount of $3,184.10 that will begin April 2026 and end June 2026.

If the debtor is approved for a Loan Modification Agreement with New American Funding LLC at the end of his trial period, the debtor shall remit 2 months of escrow payments in the amount of $6,820.74 for his February and March mortgage payment directly to the trustee. If the debtor fails to remit the funds, this instant case will be dismissed.

Document Ref: D4B7B-RH5U3-ICHUW-NSPNR                                                    Page 6 of 7

Debtor   Michael Anthony Davis II                              Case number  26-50038

| Part 9: | Signatures |
|---------|------------|

**§ 9.1   Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below.  The attorney for the debtor(s), if any, must sign below.*

*Michael Anthony Davis II*

✘ /s/ Michael Anthony Davis II

Signature of debtor 1 executed on   06 / 13 / 2026
MM / DD / YYYY

✘

Signature of debtor 2 executed on
MM / DD / YYYY

408 Edmond Ct. Suwanee, GA 30024

Address                                City, State, ZIP code

Address                                City, State, ZIP code

✘ /S/ Stanley J. Kakol, Jr.

Signature of attorney for debtor(s)

Date:   06 / 13 / 2026
MM / DD / YYYY

The Law Office of Stanley J. Kakol, Jr.

Firm

5353 Fairington Rd., Suite C, Lithonia, GA 30058

Address                                City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

Document Ref: D4B7B-RH5U3-ICHUW-NSPNR                                                          Page 7 of 7

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**D4B7B-RH5U3-ICHUW-NSPNR**

DOCUMENT COMPLETED BY ALL PARTIES ON
**13 JUN 2026 16:47:49**
**UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
| --- | --- | --- |

**MICHAEL ANTHONY DAVIS II**

SENT
**13 JUN 2026 16:35:31**

VIEWED
**13 JUN 2026 16:47:22**

SIGNED
**13 JUN 2026 16:47:49**

*Michael Anthony Davis II*

IP ADDRESS
**76.230.227.116**

LOCATION
**LAWRENCEVILLE, UNITED STATES**

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
**13 JUN 2026 16:47:22**

**Signed with PandaDoc**

# United States Bankruptcy Court
## Northern District of Georgia

In re   **Michael Anthony Davis, II**

Debtor(s)

Case No.   **26-50038**

Chapter   **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **June 13, 2026**, a copy of **Pre-Confirmation Plan Modification** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Michael Anthony Davis, II**
**408 Edmond Court**
**Suwanee, GA 30024**
**Nancy J. Whaley**
**Chapter 13 Trustee**
**303 Peachtree Center Avenue, NE**
**Suite 200**
**Atlanta, GA 30303**

**-All Creditors on the Attached Matrix-**

**/s/ Stanley J. Kakol, Jr.**
**Stanley J. Kakol, Jr. 406060**
**Law Offices of Stanley J. Kakol, Jr.**
**5353 Fairington Road, Suite C**
**Lithonia, GA 30038-1164**
**(770) 800-0440Fax:(770) 800-0494**
**stan@sjklawfirm.com**

Label Matrix for local noticing
113E-1
Case 26-50038-jwc
Northern District of Georgia
Atlanta
Sat Jun 13 14:47:27 EDT 2026

(p)ABSOLUTE RESOLUTIONS CORPORATION
8000 NORMAN CENTER DRIVE SUITE 350
BLOOMINGTON MN 55437-1118

American First Finance
Attn: Bankruptcy
Po Box 565848
Dallas, TX 75356-5848

Ascendium Education Solutions
c/o Jeanine Peterson
P.O. Box 8961
Madison, WI 53708-8961

Ascendium Education Solutions, Inc OBO
Florida Department of Education OSFA
PO Box 8961
Madison WI 53708-8961

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

(p)CITIZENS BANK N A
ATTN BANKRUPTCY TEAM
ONE CITIZENS BANK WAY
JCA115
JOHNSTON RI 02919-1922

Comenity/Alphaeoncos
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Michael Anthony Davis II
408 Edmond Court
Suwanee, GA 30024-2755

Delta Community Credit Union
Attn: Bankruptcy
3300 Riverwood Parkway, Ste 100
Atlanta, GA 30339-3966

(p)DELTA COMMUNITY CREDIT UNION
PO BOX 20541
ATLANTA GA 30320-2541

Janica Drayton
McCalla Raymer Leibert Pierce, LLP
1544 Old Alabama Rd
Roswell, GA 30076-2102

ECMC
P O Box 16408
St. Paul, MN 55116-0408

(p)FIRSTMARK SERVICES
121 S 13TH STREET STE 201
LINCOLN NE 68508-1911

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

(p)MCCALLA RAYMER LEIBERT PIERCE  LLC
ATTN ATTN WENDY REISS
1544 OLD ALABAMA ROAD
ROSWELL GA 30076-2102

Stanley J. Kakol Jr.
The Law Offices of Stanley J. Kakol, Jr.
5353 Fairington Road
Suite C
Lithonia, GA 30038-1164

Key & Rogers Trucking
3175 State University Drive
Fort Valley, GA 31030-6907

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Vladimir Lerner
6150 Zachary Drive NE
Norcross, GA 30093-2034

Midland Credit Management
350 Camino De La Reina
Suite 100
San Diego, CA 92108-3007

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Navy Federal Credit Union
Attn: Bankruptcy
Po Box 3302
Merrifield, VA 22119-3302

New American Funding
Attn: Bankruptcy
1 Home Campute Mac X2303-01a
Des Moines, IA 50328-0001

New American Funding, LLC
8201 North FM 620 Suite 120
Austin TX 78726-4075

Robert D. Schwartz
Robert D. Schwartz
P O Box 160100
Atlanta, GA 30316-1002

TBF Financial
870 Sheridan Rd.
Highwood, IL 60040-1003

Taylor Woods Home Owners Association, Inc.
605 Deerwood Drive
Suwanee, GA 30024-2742

Truist
PO Box 79041
Baltimore, MD 21279-0041

Truist Bank, Support Services
PO Box 1847 / 100-50-01-51
Wilson NC 27894-1847

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

Vladimir Lerner
6150 Zachary Drive
Norcross, GA 30093-2034

Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303-1286

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Absolute Resolutions Investments
c/o Absolute Resolutions Corporation
8000 Norman Center Drive
Suite 350
Minneapolis, MN 55437

Caine & Weiner
5805 Sepulveda Blvd
4th Floor
Van Nuys, CA 91411

Citizens Bank
Attention: Bankruptcy
1 Citizens Plaza
Providence, RI 02903

Delta Community Credit Union
PO Box 20541
Atlanta, GA 30320-2541

Firstmark Services
121 South 13th Street
Lincoln, NE 68508

Georgia Department of Revenue
2595 Century Parkway NE
Suite 339
Atlanta, GA 30345

A. Michelle Hart Ippoliti
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)ECMC
PO Box 16408
St. Paul, MN 55116-0408

(u)New American Funding, LLC

(d)TBF Financial, LLC
870 Sheridan Rd
Highwood, IL 60040-1003

End of Label Matrix
Mailable recipients    33
Bypassed recipients     3
Total                  36

SUPPLEMENTAL MATRIX

Brittany Davis
1052 Haley Woods Court
Lawrenceville GA 30043-0000

Department of Human Services
Division of Child Support Services
95 Constitution Blvd SW
Suite 200
Lawrenceville GA 30046-0000

Rockdale County Child Support
997 Commerce Drive SW
Suite 2A
Conyers GA 30094-0000

Sheterria Bacon
2087 Kings Mountain Drive NE
Conyers GA 30012-0000